IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Civil Action No.:

PRIDE FAMILY BRANDS, INC.          )
                                   )     Case No.
        Plaintiff,                 )
v.                                 )
                                   )
CARLS PATIO, INC.,                 )
CARLS PATIO WEST, INC.,            )
WOODARD FURNITURE, INC., and       )
SCOTT COOGAN,                      )
                                   )
        Defendant.                 )
_____)

**COMPLAINT AND DEMAND FOR DEMAND FOR JURY TRIAL**

The Plaintiff, PRIDE FAMILY BRANDS, INC., by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against the Defendant, CARLS PATIO, INC., CARLS PATIO WEST, INC., WOODARD FURNITURE, INC. and SCOTT COOGAN, and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Pride Family Brands, Inc. ("Pride" or "Plaintiff") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Hollywood, Florida.

2. Defendant, Carls Patio, Inc. ("Carls Patio" or "Defendant") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Boca Raton, Florida.

1

3. Defendant, Carls Patio West, Inc. ("Carls West" or "Defendant") is a corporation organized and existing under the laws of the State of California with its principal place of business in San Diego, California. (how can we confirm that Carl's West in a California organization)

4. Defendant, Woodard Furniture, Inc. ("Woodard" or "Defendant") is a corporation organized and existing under the laws of the State of Texas (Woodard Factory is located in Michigan, and corporate is located in Texas, so not sure where they are organized thru) with its principal place of business in Coppell, Texas.

5. Scott Coogan ("Coogan") is a is a resident of the State of Florida with his residence in Sarasota and Miami, Florida.

6. This Complaint alleges infringement of federally registered patents in violation of the Patent Act, 35 U.S.C. § 101 *et seq.*; false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125; and infringement, unfair competition, and unfair and deceptive acts and practices under the laws of the state of Florida. This is an action to recover in excess of $1,000,000.00, exclusive of interest, costs and attorney's fees. Thus, the Court has jurisdiction over the claims under 15 U.S.C. § 1121 and 28 U.S. C. §§ 1331, 1332, 1338, and 1367.

7. This Court has personal jurisdiction over the Defendants in that Defendant's conduct substantial business activity in this state and in this district. Venue is proper in the Southern District of Florida pursuant to 28 U.S. C. §§ 1391 and 1400.

## PRIDE'S COLLECTION

8. Pride is engaged in the manufacture, distribution, marketing and sale of high quality furniture throughout the United States. For more than twenty-eight (28) years, Pride has offered high

quality casual furniture for inside, outside, and all around the home. Pride's furnishings are marketed and sold by dealers throughout the country.

9. Pride markets for sale in the United States various "collections" of furniture. Pride's current furniture products include a unique high end mix of outdoor furnishings including the "Coco Isles" Collection and "Cabana Bay" Collection. Each item is built with high standards of quality, having exotic multi-step finishes creating aged looks, and deep seated upholstery for the customer's comfort.

10. Pride expends considerable efforts towards researching, developing and marketing furniture designs that consumers find desirable. As one such effort, Pride retains at considerable expense highly talented designers to assist with new product development.

11. The premier furnishings included within "Coco Isles" & "Cabana Bay" Collection include those created by Pride designers. Pride's design team uses considerable creative talents and expertise to develop designs and design elements that consumers will find attractive throughout the home. The "Coco Isles" & "Cabana Bay" collection contains furniture bearing a unique combination of features that create a distinctive appearance and inherent or distinctive ornamental design features.

12. Jamie Lowsky is the inventor of United States Patent No. D-521,263S, which was duly and lawfully issued by the United States Patent and Trademark Office on May 23, 2006, for a chair design.

13. Mr. Lowsky was also the inventor of United States Patent No. D519,293S, which was duly and lawfully issued by the United States Patent and Trademark Office (a chair) on April 25, 2006.

14. Patent No. D520,767, which was duly and lawfully issued by the United States Patent and Trademark Office (a chair) on May 16, 2006.

15. Patent No. 519,762, which was duly and lawfully issued by the United States Patent and Trademark Office (furniture leg ornamentation) on May 2, 1006.

16. Patent No. D522,778S which was duly and lawfully issued by the United States Patent and Trademark Office on June 13, 2006 for a furniture leg ornamentation design.

17. These patented designs are incorporated into furnishings marketed and sold in the unique "Coco Isles" and "Cabana Bay" Collection offered by Pride. Jamie Lowsky has assigned his rights in the above Patents to Pride. Pride is an exclusive licensee of rights in the Patents.

18. The unique and distinctive designs of the "Coco Isles" & "Cabana Bay" Collection have met with considerable commercial success. Pride and its dealers engage in marketing, advertising and promotional efforts and activities to enhance public awareness of the "Coco Isles" Collection and "Cabana Bay" Collection and of the distinctive designs and appearance of the furniture in that collection. Pride has featured depictions of the "Coco Isles" Collection and products within that Collection in advertisements and promotions throughout the United States, and the appearance of the Collection and products within the Collection are indicators that Pride is the origin of those products.

19. The furniture in the "Coco Isles" and "Cabana Bay" Collection have numerous, inherently novel and distinctive ornamental design features. These distinctive features include, but are not limited to, the following:

   a. Chair design

   b. Leg ornamentation

   c. Table and chair design

    d. Arm wrapping

    e. Paint finish

    f. Fabric

20. Furniture from the "Coco Isles" & "Cabana Bay" Collection has been prominently displayed in stores and trade shows throughout the United States.  The designs of the furniture in those collections have been popular, and Pride has obtained and enjoys a valuable reputation and goodwill symbolized by the design and excellence of its products sold in the "Coco Isles" Collection and "Cabana Bay" Collection.

21. Pride's long use, considerable sales, marketing, advertising and promotional efforts and activities, distinctive designs and collections, and quality products have resulted in the development of secondary meaning and favorable public recognition among relevant purchasers for product designs in the "Coco Isles" Collection and "Cabana Bay" Collection. This development provides Pride with valuable trade dress rights under federal and state statutory and common law, and Pride has a commercial interest in the protection of those rights.  Said trade dress rights are invaluable assets to Pride.

### DEFENDANT'S CARLS, CARLS PATIO WEST AND WOODARD ILLEGAL AND INFRINGING CONDUCT

22. Defendants are engaged in the manufacture, distribution and retail sale of furniture products within this judicial district, elsewhere in Florida, and in other parts of the United States. Upon information and belief, Defendant has used, offered for sale or sold infringing and illegally copied products in Florida, this judicial district, and other parts of the United States.

23. Notwithstanding Pride's well-established rights in its furniture designs, and subsequent to the establishment of those rights, Defendants adopted made, used, offered for sale, and sold in interstate commerce new furniture under the  designation  "Jumby Bay" Collection that bears

5

a striking resemblance to pieces of Pride's furniture from the "Coco Isles" & "Cabana Bay" Collection". Hereafter in this Complaint, the furniture that Defendant's offers for sale or sells that are copies of and/or are substantially similar to the pieces from Defendant's "Jumby Bay" Collection collectively will be referred to as the "Copies."

24. Defendants have offered for sale and/or sold pieces of furniture, including a dining chair, a a bar stool, oval cast table, lounge chair, Sofa, and Loveseat and other furniture that are copies of the designs of most of the design elements and items in the "Coco Isles" Collection and "Cabana Bay" Collection, including copies of the patented chair as well as the patented design of hand wrapped aluminum treatments. The designs of many pieces of the Copies are virtually identical to the corresponding pieces in the "Coco Isles" Collection and "Cabana Bay" Collection. The designs of all pieces of the Copies are substantially identical and confusingly similar to the designs of the corresponding pieces in the "Coco Isles" Collection and "Cabana Bay" Collection. The Copies and the corresponding pieces in the "Coco Isles" Collection and "Cabana Bay" Collection move through similar or identical channels of trade to similar or identical classes of consumers, and the Defendant is in competition with respect to those products.

25. Upon information and belief, by offering for sale and/or selling the Copies, Defendant is intentionally placing before the consuming public multiple lines of furniture substantially similar to Pride's furniture in an effort to deceive the public. The Copies are an intentional copy of their counterpart in the "Coco Isles" Collection and "Cabana Bay" Collection. The intentional copying presumptively establishes under law secondary meaning for products in Pride's "Coco Isles" Collection and "Cabana Bay" Collection and a likelihood of confusion between Pride's genuine products and the Copies.

26. Upon information and belief, Defendant offers for sale furniture bearing confusingly similar designs and trade dress in order to trade and capitalize on the goodwill generated by Pride's extensive use of protected furniture designs as well as the goodwill generated by Pride's sales, advertising and consumer acceptance and recognition.

27. The offering for sale and sale of the Copies by the Defendants has been carried out without the permission, authority, or approval of Pride.

28. The offering for sale and sale of the Copies by the Defendants causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of the Copies; causes likelihood of confusion or misunderstanding as to affiliation, connection or association of those products and the Defendant with Pride's Coco Isle Collection and "Cabana Bay" Collection and misrepresents that the Defendant's Copies have sponsorship, approval, or qualities that they do not have.

29. Pride has no ability to control the nature or quality of the Copies. Any failure, neglect or default by the Defendant in producing or selling the Copies will reflect negatively on Pride as the believed source of origin thereof, hampering efforts by Pride to continue to protect their reputation and resulting in loss of sales of products and of the considerable expenditures to promote the products, all to the irreparable harm of Pride.

30. Upon information and belief, the Defendant has actual knowledge of the ownership of the patent and trade dress rights by Pride. Upon information and belief, the Defendant has actual knowledge of the use of the patent and trade dress rights by Pride. Upon information and belief, the Defendant has actual knowledge of the association of the patent and trade dress rights with Pride and the valuable reputation and goodwill symbolized by those rights.

31. The Defendant has been and is willfully and in bad faith misappropriating Pride's valuable intellectual property rights. The Defendant has been and is willfully and in bad faith trading on the reputation and goodwill of Pride.

32. "Coogin" was employed by Pride from 2004 to 2006, as design assistant. After "Coogin" resignation from Pride he worked for several other manufacturers. At these other manufacturers, "Coogin" attempted to copy other Pride collections but was stopped by threat of legal action.

33. "Coogin" during the relevant times of the infringement, complained of in this lawsuit, was and is employed by Defendant "Woodard".

34. "Coogin" upon his termination from Pride, took from Pride trade secrets that were proprietary in nature. "Coogin" used those trade secrets while employed at Woodard to help "Woodard" create the copies.

35. "Coogin" knew that during his employment at Pride, Pride had patents for the "Coco Isles" Collection and "Cabana Bay" Collection. "Coogin" also knew that those patents had great value to Pride and that disclosure of those designs to others would cause damage to Pride.

36. "Coogin" breached the confidential relationship with Pride by disclosing to others known and unknown confidential information about Pride designs.

## INJURIES TO PRIDE

37. The acts of the Defendants and "Coogin" have occurred in interstate commerce and have caused, and unless restrained by this Court will continue to cause, irreparable harm to Pride and its business, reputation, and goodwill. On information and belief, the Defendants and "Coogin" will continue to do the acts alleged herein unless restrained and enjoined by this

Court. Pride's remedies at law are inadequate to compensate it for the injuries incurred and threatened.

38. As a direct and proximate result of the Defendant's and "Coogin" illegal conduct, Pride has suffered monetary damages according to proof at trial, and the Defendant is liable to Pride for monetary damages.

39. Upon information and belief, the Defendants and "Coogin" has made profits from its infringements and other illegal activities. At present, Pride does not know the extent of those profits. The Defendant is required to pay Pride all profits it has made from its illegal use of patents or trade dress owned by Pride.

40. The circumstances of this case demonstrate ongoing and purposeful infringements and other misconduct. Any monetary damages are to be trebled under law, and the circumstances of the case are exceptional and mandate an award to Pride of attorney's fees and costs.

41. The conduct of the Defendants and "Coogan" have been carried out maliciously, willfully, wantonly, and with a conscious and intentional disregard of the rights of Pride. The Defendant's actions justify an award of punitive damages.

## CLAIM I (Patent Infringement)

42. The Plaintiff Pride incorporates by reference, as though fully set forth herein, the allegations of paragraphs 1 through 41 above.

43. By reason of the acts and conduct described above, the Defendant has infringed and will continue to infringe the Pride Patents in violation of 35 U.S.C. § 271.

44. Upon information and belief, the Defendant's infringement has been willful, intentional and deliberate with knowledge of and in conscious disregard of the Pride Patents.

45. Upon information and belief, the Defendant has been and still is infringing the Pride Patents by inducing others to infringe the patents by selling the infringing product, and the Defendant will continue to do so to Pride's harm unless enjoined.

46. The Defendant's infringement of the Pride Patents has caused and will continue to cause damage to Pride unless the Defendant's infringing activities are enjoined by this Court.

### CLAIM II (False Designation of Origin)

47. The Plaintiff Pride incorporates by reference, as though fully set forth herein, the allegations of paragraphs 1 through 41 above.

48. The acts and conduct of the Defendants and "Coogin" described above have constituted and will continue to constitute false designations of origin or false or misleading representations which are likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Defendant's and "Coogin" products in violation of Section 43(a) of the Lanaham Act, 15 U.S.C. §1125(a).

49. The Defendants and "Coogin" have damaged Pride and unless restrained will continue to damage Pride, including causing irreparable injury to Pride's reputation and goodwill. Pride has no adequate remedy at law.

### CLAIM III (Common Law Unfair Competition)

50. The Plaintiff Pride incorporates by reference, as though fully set forth herein, the allegations of paragraphs 1 through 41 above.

51. The Defendants and "Coogin" have violated and infringed Pride's common law rights in their distinctive trade dress and has competed unfairly with Pride in violation of the common law of Florida and other states.

52. By reason of the Defendant's and "Coogin" infringing and illegal activities, Pride has been damaged and unless the Defendants are restrained, the Defendant's conduct and actions will continue to cause irreparable injury to Pride's goodwill and reputation.  Pride has no adequate remedy at law.

53. The Defendant's copying of Pride's "Coco Isles" Collection and "Cabana Bay" Collection trade dress constitutes conduct that is malicious, willful, outrageous or in deliberate and reckless indifference to the rights of Pride, entitling Pride to recover punitive damages.

### CLAIM IV (Unjust Enrichment)

54. The Plaintiff Pride incorporates by reference, as though fully set forth herein, the allegations of paragraphs 1 through 41 above.

55. The Defendants have been unjustly enriched as a result of its illegal and wrongful conduct as described above.

56. Pride is entitled to an award of damages equal to the amount of the Defendant's unjust enrichment.

### CLAIM V (Unfair or Deceptive Acts and Practices)

57. The Plaintiff Pride incorporates by reference, as though fully set forth herein, the allegations of paragraphs 1 through 41 above.

58. By reason of the acts and conduct described above, the Defendants and "Coogin" has engaged in unfair methods of competition and unfair acts or practices.  The Defendant's and "Coogin" conduct violates established public policy in Florida and other states.  The Defendant's and "Coogin" conduct is immoral, unethical, oppressive, unscrupulous, or

substantially injurious to consumers, and substantial aggravating circumstances have accompanied its conduct. The Defendants and "Coogin" have also engaged in deceptive acts and practices, having engaged in conduct that has the capacity or tendency to deceive.

59. The Defendant's conduct constitutes unfair methods of competition and unfair or deceptive acts or practices in and affecting commerce within the meaning of Florida Statutes and within the meaning of other laws prohibiting such conduct.

60. The Defendant's unfair and deceptive activities have damaged Pride and unless restrained will continue to damage Pride, including causing irreparable injury to Pride's reputation and goodwill. Pride has no adequate remedy at law.

61. Pride is entitled to treble damages and an award of attorney's fees pursuant to Florida Statute 35 U.S.C. §284 and 35 U.S.C §285.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Pride prays that:

1. The Court enter judgment in favor of Pride, rule that the Patents are valid and infringed by the Defendants, and rule that the Defendant willfully infringed that patent in violation of 35 U.S. C. §271.

2. The Court grant preliminary and permanent injunctions enjoining and restraining the Defendant and its agents, servants, and employees, and all persons in active concert or participation with them from:

    a) directly or indirectly infringing the Pride Patents or inducing or contributing to infringement thereof;

    b) any importation, manufacture, assembly, advertisement, promotion, offer for sale, sale, purchase, distribution, movement or transfer of, or any other involvement with products that consist of, include, or are similar to the patented designs or trade dress of Pride or any colorable imitations thereof;

    c) doing any other act or thing calculated or likely to cause confusion or mistake in the mind of the public or to deceive consumers into the belief that the Defendant's goods are the goods of Pride's "Coco Isles" Collection; and "Cabana Bay" Collection and

    d) otherwise competing unfairly with Pride.

3. The Defendants be required to deliver to the Court or to Pride for destruction all furniture, products, labels, packages, brochures, wrappers, advertisements, promotions, software, computer files, and all other things in the custody or under the control of the Defendant bearing the patented designs or trade dress of Pride or any colorable imitations thereof.

4. The Defendants be required to deliver to the Court or to Pride for destruction all machinery, software, templates, computer files, and all other things in the custody or under the control of the Defendant which are used to manufacture infringing materials.

5. The Defendants be required to provide notice to customers that have orders outstanding for the Copies explaining that the orders cannot be filled and why.

6. Pursuant to 15 U.S.C. §1116, the Defendants be directed to file with the Court and serve on Pride within thirty (30) days after issuance of any injunction or restraining order, a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction or restraining order.

7. Pride recover from the Defendant compensatory damages.

8. The Defendants be directed to account for and pay to Pride all gains, profits, and advantages realized by the Defendant from the sale of any goods that consist of, include, or are similar to the patented designs or trade dress of Pride or any colorable imitations thereof.

9. Pride recover punitive damages from the Defendants.

10. The Defendant's actions be adjudged unfair methods of competition and/or unfair and deceptive trade practices in violation of Florida Statute.

11. The Court enter judgment for Pride pursuant to 15 U.S.C. §1117, 35 U.S.C. §284, and/or Florida Statute 35 U.S.C. § 285 for three times the amount of Pride's damages.

12. The Court requires the Defendants to pay to Pride its reasonable costs and expenses, including attorney's fees, incurred in the preparation and prosecution of this action.

13. Pride have such other and further relief as this Court may deem just.

14. That all matters so triable be tried by a jury.

Dated:  April ___, 2012.

        Respectfully submitted,

        YALE L. GALANTER, P.A.
        3730 N.E. 199 Terrace
        Aventura, Florida 33180
        Ph. (305) 576-0244
        Florida Bar No.:  347698
        Attorney for Plaintiff

        By: /s/ Yale L. Galanter_____
            YALE L. GALANTER