UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-21783-CIV-SEITZ/SIMONTON

PRIDE FAMILY BRANDS, INC.,

    Plaintiff,

v.

CARLS PATIO, INC., CARLS PATIO WEST,
INC., WOODARD-CM, LLC and SCOTT
COOGAN,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court upon Defendant Carl's Patio Inc.'s Motion for Protective Order From Plaintiff's Subpoena for Deposition Directed to Officer of Carl's Patio Inc. In Violation of Automatic Stay (DE # 51) and Plaintiff's Motion to Compel Witness, Motion for Sanctions and Motion for Fees and Costs (DE # 52). The Parties have each filed responses to the respective motions (DE ## 56, 72), neither Party filed a Reply, and the time for doing so has elapsed. Discovery is referred to the undersigned by the Honorable Patricia A. Seitz, the District Judge assigned to the case (DE # 32).

### I. BACKGROUND

This matter involves patent infringement claims brought by Plaintiff, Pride Family Brands, Inc., ("Pride") a manufacturer, distributer, marketer and seller of high quality furniture, against Defendants Carl's Patio, Inc., Carl's Patios West, Inc., (collectively "Carl's Patio Defendants"), Woodard-CM, LLC and Scott Coogan (DE # 6). In the First Amended Complaint, Plaintiff states that two of the Plaintiff's furniture collections incorporate designs of five separate United States Patents held by the Plaintiff. The

**Plaintiff alleges that Defendants improperly made and sold two furniture collections which, *inter alia*, bear a striking resemblance to certain pieces of the Plaintiff's furniture collections, thereby infringing upon the Plaintiff's patents in violation of 35 U.S.C. § 271 (Claim I). The Plaintiff also alleges that the Defendants' actions constitute False Designation of Origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II). The Plaintiffs further allege that the Defendants have engaged in unfair competition (Count III), unfair or deceptive acts and practices in violation of Florida law (Claim V), and that the Defendants have been unjustly enriched as a result of their illegal and wrongful conduct (Count IV).**

**Defendants Carl's Patio Inc., Woodard-CM and Scott Coogan have each counterclaimed against Pride seeking a declaration of non-infringement and patent invalidity (DE ## 6 at 9- 14, 10 at 9-14, 15 at 11-16). Defendant Carl's Patio West, Inc., has not filed a counterclaim but has asserted in its Affirmative Defenses, among other things, that the Plaintiff is unable to establish that the corporate veil should be pierced to hold Carl's Patio West liable for any conduct attributable to Carl's Patio, Inc., (DE # 16 at 13).**

**On February 28, 2013, after the Carl's Patio Defendants each filed a Suggestion of Bankruptcy, the Court entered an Order staying this action pursuant to Title 11 U.S.C. § 362 as to Defendants Carl's Patio, Inc., and Carl's Patio West, Inc., only (DE ## 40, 41, 43). Approximately two months later, the Plaintiff issued a deposition subpoena to Paul Otowchits c/o Carl's Patio commanding his appearance at a deposition set for May 9, 2013 (DE # 51 at 8).**

**On the date of the noticed deposition, Defendant Carl's Patio, Inc., filed a "Motion for Protective Order From Plaintiff's Subpoena for Deposition Directed to Officer of Carl's Patio Inc. In Violation of Automatic Stay." (DE # 51). Several days later, the Plaintiff filed a**

**Motion to Compel Witness, Motion for Sanctions and Motion for Fees and Costs (DE # 52) to which Defendant Carl's Patio timely filed a Response (DE # 56).  In the Motion to Compel, however, the Plaintiff failed to address any arguments raised in the Defendant's Motion for Protective Order related to the effect and scope of the automatic bankruptcy stay issued by the Court. The undersigned therefore ordered the Plaintiff to file a response to the Defendant's Motion for Protective Order which specifically addressed the scope of the automatic stay as it pertained to the deposition of Mr. Otowchits (DE # 70). The Plaintiff thereafter filed a response to the Defendant's Motion, and thus both Defendant's Motion for Protective Order and Plaintiff's Motion to Compel Witness are ripe for resolution.[1]**

**II.     THE POSITIONS OF THE PARTIES**

**In its Motion, Defendant Carl's Patio, Inc., ("Defendant" or "Carl's Patio") requests that a protective order be issued to prevent the deposition of Paul Otowchits, the Chief Operating Officer (COO) of Carl's Patio, from proceeding (DE # 51).  Defendant contends that because the Court entered an Automatic Stay Order pursuant to 11 U.S.C. § 362, the Plaintiff's issuance of a subpoena to one of the Defendant's officers is impermissible as it violates that Order.  Defendant further argues that the Plaintiff's failure to file a motion or petition seeking relief from the stay prior to issuing the subpoena, willfully violates the stay Order thereby warranting the imposition of actual and punitive damages and attorney's fees. Carl's Patio further requests that the subpoena be quashed because it was not personally served on Paul Otowchits and did not include the fees for witness**

---

[1] The Court notes that although the Plaintiff filed a Response to the Defendant's Motion for Protective Order, that Response failed to address any of the Defendant's arguments related to the scope of the automatic stay Order issued pursuant to 11 U.S.C. § 362.

attendance and mileage as required by Fed. R. Civ. P. 45 (b)(1).

In response to the Defendant's Motion, the Plaintiff contends, among other things, that Mr. Otowchits no longer works for the bankrupt Defendants Carl's Patio, Inc., or Carl's Patio West, Inc., but instead works for the "new Carl's which has been reorganized and is operating as an ongoing concern." (DE # 72 at 2).[2] In addition, the Plaintiff contends that Mr. Otowchits has direct and essential information about Defendant Woodard-CM's plan to copy the Plaintiff's furniture, and states that no questions will be asked at Mr. Otowchits' deposition regarding Carl's Patio or Carl's Patio's purported involvement in any scheme to copy the Plaintiff's furniture.

In the Plaintiff's Motion to Compel, Plaintiff asserts that prior to scheduling Mr. Otowchits' deposition, Plaintiff spoke with Andrew Daire, Esq., the attorney for Mr. Otowchits, and was informed that the witness would be present for the scheduled deposition (DE # 52).[3] In addition, Plaintiff contends that Plaintiff's Counsel also spoke with Defendants' trial counsel and bankruptcy counsel for Carl's Patio and was informed that Mr. Otowchits was not represented and was advised to set the deposition at will. In addition, Plaintiff's Counsel contends that he informed Counsel for Carl's Patio that Mr. Otowchits was a key witness in the Plaintiff's continued action against Defendant Woodard and represented that no questions would be asked that related to the Plaintiff's

---

[2] According to the Status Report as to Bankruptcy Proceeding (DE # 50) filed by the Carl's Patio Defendants on May 1, 2013, all of the assets of the Carl's Patio Defendants were sold to Carl's Patio Acquisition, LLC, pursuant to a bankruptcy approved asset purchase agreement. The Court also approved a named change for Defendants Carl's Patio Inc. and Carl's Patio West, Inc., to respectively, CP Liquidating, Inc. and CPW Liquidating Inc. (DE # 50 at 2). It is unclear which entity is the "new Carl's" for which Mr. Otowchits works.

[3] It is unclear from the record whether Andrew Daire, Esq., represents Mr. Otowchits, or only represents the Carl's Patio Defendants.

lawsuit against Carl's Patio.  Plaintiff also contends that the witness failed to attend the scheduled deposition without prior warning and thus Plaintiff seeks sanctions in the form of attorney's fees and costs from the Carl's Patio Defendants, including the costs of the court reporter.

In response, the Defendant counters that Counsel for Carl's Patio never stated that Mr. Otowchits would be present at the scheduled deposition and further contends that Counsel requested that Plaintiff's Counsel cancel the deposition as the subpoena violated the automatic stay Order issued by the Court (DE # 56).  Defendant asserts that although Counsel for the Plaintiff did advise that Mr. Otowchits would not be asked questions about the Plaintiff's lawsuit against Carl's Patio, that such a representation was not practical because all counts alleged in the complaint are equally based upon the exact same underlying facts and therefore any testimony given by Mr. Otowchits would be directly binding on Carl's Patio.

For the following reasons, the undersigned concludes that Defendant Carl's Patio, Inc.'s Motion for Protective Order is denied, and that Plaintiff's Motion to Compel the Deposition of Paul Otowchits is granted, in part.

### III.    LEGAL FRAMEWORK AND ANALYSIS

#### A.    Scope of Automatic Stay

As stated above, the Court stayed this case pursuant to 11 U.S.C. § 362.  That section, contained in the Bankruptcy chapter, is entitled "Automatic stay" and provides, in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

5

> **(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;**
>
> **. . .**

Title 11 U.S.C. § 362 (Westlaw 2010).  The Eleventh Circuit has noted that § 362 is "one of the fundamental debtor protections provided by the bankruptcy laws because it gives the debtor a breathing spell from his creditors, stops all collection efforts, all harassment, and all foreclosure actions, and permits the debtor to attempt a repayment or reorganization plan." *In Re Jacks*, 642 F. 3d 1323, 1328 (11th Cir. 2011) (citation omitted).  To that end, § 362(a) imposes, subject to certain exceptions, an automatic stay of various acts that are attempts to enforce prepetition claims or that would otherwise affect or interfere with property of the estate or debtor. *Id.* (citation and quotation marks omitted).  Although the scope of an automatic stay pursuant to § 362 is broad, the clear language of that section reflects that it only stays proceedings against a "debtor" which is the term used in the statute itself. *Mar. Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (citation omitted). Thus, the automatic stay of § 362(a)(1) generally only applies to actions taken with respect to a debtor, and not with respect to such action or inaction affecting other parties. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir. 1983) (concluding § 362 stay does not apply to co-defendants).

      1.     <u>Plaintiff Did Not Violate Automatic Stay Order</u>

In this case, Defendant debtor contends that § 362 and the Court's Order staying

this matter prohibit the Plaintiff from taking the deposition of one of the Defendant's employees, absent relief from this Court.[4]  Plaintiff counters that it is only seeking discovery in relation to its claims against the non-debtor Defendants, and not against the Carl's Patio Defendants and thus contends that the deposition should proceed.  For the following reasons, the undersigned concludes that the deposition should proceed.

In *In re Hillsborough Holdings Corp. et al.*, 130 B.R. 603 (Bankr. M.D. Fla. 1991), a court determined that a non-debtor co-defendant's request to take the depositions of several of the debtor's present and former employees in order to prepare the non-debtor defendant's defense in a civil action against the non-debtor did not violate a § 362 automatic stay.  In reaching this conclusion, the Court stated ". . . it is clear that a literal reading of §362(a) leaves no doubt that the automatic stay would not prevent [the non-debtor co-defendant] from conducting the proposed discovery to be used for its defense in the suit. . ." *Id.* at 605.[5]

Similarly, in *Groner v. Miller (In re June Cain Miller)*, 262 B.R. 499 (B.A.P. 9th Cir. 2001), a reviewing court reversed a lower court's determination that a plaintiff violated a §

---

[4] The Plaintiff alleges that the witness, Paul Otochits, no longer works for Carl's Patio but instead works for the "New Carl's."  Whether Mr. Otowhits currently works for Carl's Patio or another "new" associated entity does not alter the undersigned's analysis regarding whether his deposition should proceed under the facts of this case.

[5] In *Hillsborough*, unlike in the instant case, the non-debtor co-defendant filed a motion seeking to take discovery notwithstanding the § 362(a) stay.  Although the Court opined that the requested discovery would likely not violate the stay, the Court alternatively concluded that even if permitting such discovery could be viewed as violating the automatic stay, the non-debtor co-defendant would still be entitled to conduct the discovery because its right to seek and obtain evidence for its defense of the civil action far outweighed any possible inconvenience to the debtor.  The Court therefore ruled that the automatic stay would be modified to authorize the non-debtor to conduct the requested discovery but ordered that any material obtained from that discovery would not be binding on the debtor. *Id*. at 607.

362 automatic stay when the plaintiff sought discovery from the defendant-debtor related to the claims against the co-defendant husband of the debtor. The reviewing court, in concluding that the plaintiff had not violated the automatic stay by issuing the subpoena to the debtor and seeking to compel compliance with that subpoena, stated,

> Section 362(a) prohibits the commencement or continuation of an action against the debtor; to the extent that [the plaintiff] was eliciting Debtor's testimony for purposes other than to continue the prosecution of her claims against Debtor, the proposed discovery did not violate the automatic stay, unless the issuance of subpoenas itself constitutes 'issuance or employment of process' against Debtor or a 'judicial proceeding' against Debtor. If this were true, a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay. Such an interpretation of section 362(a) defies common sense and the spirit of the Code. Information is information, and we believe the discovery of it as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay.

*Id.* at 505. *Accord In re: Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969 (N.D. Ill. 1992) (opining that where one defendant in a multi-district multi-defendant patent infringement action filed for bankruptcy, the debtor and its employees were not protected by the automatic stay with respect to discovery relating to claims against other defendants.)

In the case *sub judice* there is nothing contained in the Court's Order staying this matter or in § 362 that expressly prohibits the Plaintiff from obtaining discovery pertaining to Plaintiff's claims against the solvent Co-Defendants Woodard-CM, LLC and Scott Coogan. Thus, the Defendant's assertion that the Plaintiff has violated the Court's § 362 automatic stay by issuing a subpoena to Paul Otowchits without first seeking relief from the Court's stay order is without merit. In this regard, the Defendant attempts to bypass

the analysis of whether proceeding against a co-defendant non-debtor, including seeking discovery from the debtor for that purpose, actually constitutes a violation of a stay order where that order only stays the proceedings against the debtor. The Defendant has cited no case holding that such actions constitute a violation of a stay order. Indeed, the cases cited to by the Defendant are distinguishable because, in those cases, the plaintiff/creditor proceeded with an action directly against the debtor, rather than a co-defendant, after an automatic stay had been entered. *See e.g. In re Jove Engineering, Inc. v. I.R.S.*, 92 F. 3d 1539 (11th Cir. 1996) (finding violation where IRS repeatedly attempted to collect taxes, penalties and interest from the debtor after entry of § 362 stay); *In re Rainwater*, 233 B.R. 126 (Bankr. N.D. Ala. 1999) (finding violation where creditor attempted to enforce 'right to payment' against debtor despite automatic bankruptcy stay as to that debtor);[6] *In re Novak,* 223 B.R. 363 (Bankr. M.D. Fla. 1997) (finding violation of automatic stay where financial institution took action directly against debtor by keeping proceeds of debtor's check knowing that stay order had issued). In the case at bar, the Plaintiff admittedly is not attempting to proceed against those entities named in the Order automatically staying the case, but rather is only seeking to proceed against the non-debtor co-defendants, and thus as in *In re Hillsborough Holdings Corp*. and *In re June Cain Miller,* the stay order has not been violated.[7]

---

[6] Moreover, the Bankruptcy Court's determination that the creditor violated the automatic stay order was reversed by the reviewing court in *Bryan v. Rainwater*, 254 B.R. 273 (N.D. Ala. 2000). The reviewing Court concluded that the actions taken by the creditor, the State of Alabama, constituted a continuation of a criminal action which was statutorily excepted from automatic bankruptcy stay orders pursuant to 11 U.S.C. § 362(b)(1).

[7] As stated above, Defendant Carl's Patio has requested an award of actual and punitive damages pursuant to 11 U.S.C. § 362(k)(1), which provides for an award of damages and attorney's fees where an entity suffers injury due to the willful violation of

## 2. The Automatic Stay Should Not Be Extended to the Deposition of Paul Otowchits Under the Facts of This Case

As it is clear that the Plaintiff has not violated the stay Order herein, the issue now before this Court is whether that stay should be extended to the discovery sought by the Plaintiff from an employee of the Debtor-Defendant Carl's Patio.  Many courts have found that certain "unusual circumstances" may warrant extension of a § 362(a)(1) stay to additional proceedings where such an application furthers the purposes behind the stay. *In re Jefferson County*, Ala. 491 B.R. 277, 284 (Bankr. N.D. Ala., 2013) (citing *A.H. Robins Co.*, 788 F.2d 994, 999 (4th Cir. 1986)); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).  Such unusual circumstances have been found: (1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party. *Id*. (citations omitted).

In this case, the undersigned recognizes that Carl's Patio has not asked the Court to extended the § 362 stay to *all* proceedings related to the non-debtor Defendants, but rather has only requested that the deposition of the COO of Carl's Patio be prevented from proceeding.  However, the Defendant has failed to demonstrate the presence of "unusual circumstances" in the instant case that would warrant such an extension of the stay.  The Defendant has not asserted that there is an identity of interests between the debtor Carl's

---

a stay order.  However, because the undersigned concludes that the Plaintiff did not violate the automatic stay order in this case, *ipso facto*, a willful violation could not have occurred.  Defendant Carl's Patio's request pursuant to the this section is therefore denied.

Patio and the non-debtor Defendants, that the deposition of Mr. Otowchits imposes a substantial burden of discovery on Carl's Patio, or that the discovery requested would interfere with the bankruptcy proceedings. Nor has the Defendant contended that a judgment against the non-debtor Defendants would be, in effect, a judgment against the Carl's Patio Defendants, nor that the Carl's Patio Defendants would have to indemnify the non-debtor Defendants. *Cf. Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co., Inc.*, Case No. 09-0249-WS-N, 2009 WL 2413664 * 2 (S.D. Ala. 2009) (finding grounds for extension of stay where Articles of Incorporation required debtor corporation to indemnify its directors, officers and employees who had been named in post-petition bankruptcy lawsuit).

To the extent that the Defendant contends that the deposition would have a potential preclusive effect that forces Carl's Patio to participate in the proceedings as if the debtor were a party, that argument also fails because the subpoena issued to Mr. Otowchits does not seek to depose him in his capacity as the COO of Carl's Patio, or as a corporate representative of Carl's Patio pursuant to Fed. R. Civ. P. 30(b)(1) or 30(b)(6). See e.g. *Operative Plasterers' & Cement Masons' Intel Assoc. of U.S.* and *Canada AFL–CIO v. Benjamin*, 144 F.R.D. 87, 90 (N.D. Ind. 1992) (stating that deposition notice under Rule 30(b)(1) "should clearly indicate that the deposition is being taken of the organization through the name official or representative."). The subpoena issued pursuant to Rule 45 only identifies Mr. Otowchits individually, without reference to his employment at Carl's Patio. This designation is not changed simply because the subpoena was mailed to Mr. Otowchits "c/o Carl's Patio".[8] As such, Mr. Otowchits is being deposed as a fact witness

---

[8] Defendants implicitly acknowledge this fact by contending that Mr. Otowchits should be compensated for his time and mileage pursuant to Fed. R. Civ. P. 45,

in his individual capacity and not as an officer or agent authorized to bind Carl's Patio through his testimony. [9]

In addition, the Plaintiff has stated that it will not ask any questions of Mr. Otowchits related to Carl's Patio. In response, Defendant contends that such a representation is not practical because, "the Plaintiff has filed all four counts against all of the defendants equally based upon the exact same underlying facts, and any testimony of Carl's Patio's Chief Operating Officer would directly be binding on and against Carl's Patio, which is clearly a violation of the stay and this Honorable Court's Order." However, for the reasons discussed above regarding whether the Plaintiff violated the stay Order, the undersigned concludes that even if Mr. Otowchits' statements were binding on Carl's Patio, which they are not, the Plaintiff's actions still would not violate the Stay Order, and still would not establish sufficient "unusual circumstances" to warrant an extension of the stay to his deposition.

Moreover, the Defendant has failed to explain why the Plaintiff's questions of Mr. Otowchits could not be limited to issues and facts related to the non-debtor co-Defendants. In other words, it is unclear why the Plaintiff would be unable to establish liability against non-debtor Defendants Coogan and Woodard-CM, LLC, in this patent

---

discussed, *infra*. A subpoena issued pursuant to Rule 45 is not required for a deposition taken of a witness pursuant to Rule 30(b)(1) or (b)(6) because the witness is deposed in its corporate representative position and thus, as a party to the action, a subpoena is not necessary.

[9] The undersigned further notes that Federal Rule of Civil Procedure 32(a)(3), which addresses the use of depositions in Court proceedings provides "An adverse party may use for any purpose the deposition of a party or anyone who, *when deposed*, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4). (emphasis added). Thus, if Mr. Otowchits is not currently employed as an officer, director or managing agent at the time of his deposition, his deposition testimony may be limited in its use at trial.

infringement action without establishing liability of the Carl's Patio debtor-Defendants.  It is for these reasons that the cases cited by the Defendant are distinguishable from this case.  In *In re Johns-Manville Corp.*, 26 B.R. 420 (1983), the issue presented was whether a § 362 stay could be extended by virtue of §105 of the bankruptcy code to preclude all suits against the defendant debtor's employees, agents and other related entities.[10]  In resolving that query in the affirmative, the Court noted that the suits being pursued against the debtor defendant's officers and employees were, in reality, derivative claims of the claims brought against the debtor defendant.  Thus, there was an identity of interests between the debtor and non-debtor officers and employees such that the continuation of the actions against those related entities would directly interfere with the debtor's estate and/or with its chances for a successful reorganization.

Similarly, in *In re Fiddler's Creek, LLC*, Case No. 9:10-bk-03846-ALP, 2010 WL 6618876, at *1 (Bankr. M.D. Fla. 2010), the plaintiffs initiated a post-bankruptcy, class-action lawsuit against an individual who the plaintiffs contended was the alter ego of the debtor corporate defendant.  The court determined that because the corporate debtor was the real party in interest and that the plaintiffs' lawsuit was "merely an attempt by Plaintiffs' counsel to re-assert claims that were raised pre-petition," an extension of the automatic stay to the individual was appropriate. *Id*. at *3 n.4.

---

[10] The Defendant has not requested relief under any other section of the Bankruptcy Code other than § 362, but courts have stayed actions involving non-debtor parties pursuant to 11 U.S.C. § 105, which allows a bankruptcy court "to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." *In re Jefferson County, Ala.*, 491 B.R. 277 n.1 (Bankr. N.D. Ala. 2013). However, courts have opined that a §105 extension order must be obtained through the affirmative request of the debtor in the bankruptcy court where the bankruptcy proceeding is pending.  *Gregus v. Plan 4 College, Inc.,* Case No. 8:09-cv-01392-T-24-AEP, 2009 WL 3064664, *2 (M.D. Fla. Sept. 18, 2009) (citations omitted).

In this case, the Plaintiff is not seeking to proceed in an action against an alter ego of the debtor-Defendants, or even against the officers and/or executives of those Defendants.[11] Rather, as stated above, the Plaintiff herein is simply seeking to depose the former COO of the Debtor Defendant Carl's Patio for the purposes of pursuing its claims against separate non-debtor Co-Defendants Woodard-CM, LLC and Scott Coogan. Simply put, there are no "unusual circumstances" that would warrant extending the § 362 stay to the deposition of Mr. Otowchits under the facts herein. Nevertheless, given the Defendant's expressed concerns regarding the potential binding effect of any statements made by Mr. Otowchits on Carl's Patio, the undersigned hereby orders that any statements made by Mr. Otowchits' at his deposition are not binding upon the Carl's Patio Defendants and may not be used against those entities in any proceedings related to the action at bar.

### B. Failure to Properly Serve Deponent

The Defendant also contends that the subpoena directed to Mr. Otowchits should be quashed because the Plaintiff failed to personally serve the deponent by a process server or sheriff but rather only mailed the subpoena to Carl's Patio, and also failed to provide the fees for witness attendance and mileage in accordance with Fed. R. Civ. P. 45 (b)(1). For the following reasons, the undersigned determines that although the Defendant is correct that Plaintiff failed to comply with Rule 45, the Plaintiff's deficiencies in this area do not prevent the deposition from proceeding upon proper service of a Rule 45

---

[11] At least one court has even declined to find a violation of a § 362 automatic stay where a litigant sought to proceed against a debtor corporation's employees by piercing the corporate veil of the debtor's officers, director and/or stockholders. *See In Re Nashville Album Production, Inc.*, 33 B.R. 123, 124 (M.D. Tenn. 1983) (stating "[a] reading of § 362 clearly reveals no support for debtor's position that the stay prohibits entities from proceeding against officers, directors and/or stockholders of a corporation which has filed a bankruptcy petition. Section 362 only stays actions against the debtor or actions seeking to obtain property of the estate.").

subpoena.

At the outset, the undersigned notes that under Rule 45, "[o]rdinarily a party does not have standing to quash a subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the [discovery] being sought." *Maxwell v. Health Ctr. of Lake City, Inc*., No. 3:05–cv–1056–J–32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (citations omitted). In this case, it is not entirely clear whether Mr. Otowchits is represented by the same Counsel who represents Carl's Patio or still works for Carl's Patio, and thus it is unclear whether the objections to the subpoena were, in fact, raised by Mr. Otowchits or by Carl's Patio.  This uncertainty is due to the fact that any Rule 45 objections are only raised in Defendant Carl's Patio filings, and not raised in any papers filed by or on behalf of Mr. Otowchits.[12]  As such, it is questionable whether the objections have even been properly presented to this Court by the witness, or are asserted by Carl's Patio who has no standing to raise such objections because service and fee objections are clearly not a personal right or privilege to Carl's Patio.[13]

That aside, assuming that Counsel for the Carl's Defendants also represents Mr. Otowchits, the only objections raised by Mr. Otowchits, in his personal capacity, relate to the issues of service and compensation.  Rule 45(b)(1), states, in pertinent part, "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires

---

[12]  **This uncertainty is further compounded by Plaintiff's Motion to Compel, wherein the Plaintiff states that Andrew Daire, Esq., as counsel for the witness informed Plaintiff that Mr. Otowchits would be present at the deposition, but in the next paragraph of the Motion states that current trial counsel for Carl's Patio stated that the witness was not represented and that Plaintiff should set the deposition at will (DE # 52 at 1).**

[13]  **The undersigned notes that there is no document filed with the Court that expressly purports to be filed on behalf of Mr. Otowchits; and, the Defendant's Motion to Compel Witness was served only on Counsel for the Defendants.**

that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

      The Plaintiff has not rebutted the Defendant's contention that the Plaintiff only served Mr. Otowchits by mail at Carl's Patio and failed to tender any witness fees to Mr. Otowchits at the time of attempted service. Given that Mr. Otowchits was not noticed for his deposition as a 30(b)(6) representative or 30(b)(1) witness and presumably did not agree to accept service at Carl's Patio, it appears that the Plaintiff's attempted service of Mr. Otowchits through mail to Carl's Patio is improper. *See In re a Matter Under Investigation by Grand Jury No. 1*, Case No: 10-81252-MC, 2011 WL 761234 (S.D. Fla. Feb. 24, 2011) (collecting cases and discussing service requirements of Rule 45 and concluding that authority in this circuit suggests that a Rule 45 subpoena for a non-party must be personally handed to the person named on the subpoena). Moreover, courts have held that failure to meet both the service and witness fee requirements of Rule 45 results in ineffectiveness of service. *See In the Matter of Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (stating plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena) (citation omitted); *Kimbrough v. City of Cocoa*, No. 6:05–cv–471–Orl–31KRS, 2006 WL 3412258, at *1 (M.D. Fla. Nov. 27, 2006) (quashing subpoena for failing to comply with Rule 45 dictates including tendering witness fees and mileage to witness).

      The Plaintiff has not disputed the assertion that the requirements of Rule 45 were not met. Accordingly to the extent that Mr. Otowchits has objected to the subpoena on those grounds, the subpoena is quashed, and thus sanctions against the Defendant for Mr. Otowchits' failure to appear at the deposition are not appropriate. However, such a determination does not prevent the Plaintiff from seeking to depose Mr. Otowchits in

accordance with Rule 45, given that this Court has already determined that his deposition is not prohibited by this Court's stay Order. Therefore, the Parties shall reschedule the deposition at a mutually convenient time and place. Absent an agreement otherwise with Mr. Otowchits, the Plaintiff must personally serve the deponent in compliance with the applicable Federal Rules, and the witness fee and mileage fee must be tendered to him at the time of service, as required by Rule 45.

### III.     CONCLUSION

Accordingly, based upon the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Carl Patio's Motion for Protective Order From Plaintiff's Subpoena for Deposition Directed to Officer of Carl's Patio Inc. In Violation of Automatic Stay (DE # 51) is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Witness, Motion for Sanctions and Motion for Fees and Costs (DE # 52) is **GRANTED**, in part. The Plaintiff may take the deposition of Paul Otowchits in his individual capacity but any material obtained from or statements made during that deposition are not binding on the Defendants Carl's Patio, Inc., and Carl's Patios West, Inc., in any proceeding involving the Plaintiff's instant claims against those debtors. The Plaintiff's request for sanctions is denied. It is further

**ORDERED AND ADJUDGED** that the Parties shall arrange to depose Mr. Otowchits at a mutually agreeable place and time on or before September 10, 2013. Plaintiff shall serve Mr. Otowchits with a subpoena pursuant to Federal Rule of Civil Procedure 45 and shall tender the appropriate witness fee and mileage costs to Mr.

Otowchits at that time.

**DONE AND ORDERED** in chambers in Miami, Florida on August 29, 2013.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
The Honorable Patricia A. Seitz
    United States District Judge
All counsel of record